UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ZACHARY BONTA,

                Plaintiff,

      v.                                                           CAUSE NO. 3:22-CV-249-DRL-MGG

JOHN DOE,

                Defendant.

OPINION AND ORDER

Zachary Bonta, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Bonta is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Bonta, an inmate at Miami Correctional Facility, alleges that around 11:00 a.m. on December 23, 2021, he was in the dayroom of the "IHU" dormitory when a group of inmates came in and tried to "jump" him. He was able to run down the stairs, and he yelled for a correctional officer he identifies as "John Doe" to help him. He claims the

officer did nothing and failed to call an "emergency signal." The inmates then proceeded to drag him into a cell and beat him. After they left, Mr. Bonta pushed the intercom and told the unnamed officer that he had been beaten and needed medical attention. The officer allegedly responded that he "never saw anything like that happen" and that Mr. Bonta "sounded just fine." It can be discerned that other officers later took Mr. Bonta to the medical unit. He claims he was airlifted to a private hospital and treated for a fractured nose, broken tailbone, and an injury to his ear requiring stitches. Based on these events, he sues the unnamed officer for monetary damages.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). A failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010).

Giving Mr. Bonta the inferences to which he is entitled, he has plausibly alleged that the unnamed officer had the ability to protect him when he called out for help, but allegedly stood by and did nothing to assist him. He further alleges that he was severely

2

beaten as a result. He will be permitted to proceed on a claim for damages against this officer.

As noted, Mr. Bonta does not know the identity of the officer involved in these events. The court will direct the clerk to add the Warden of Miami Correctional Facility as a defendant for the sole purpose of identifying "Officer John Doe." Once the officer is identified, the Warden will be dismissed from the case. Ultimately, it will be Mr. Bonta's obligation to amend his complaint to identify this individual by name so that he can be served with process. *See Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995).

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Officer John Doe in his personal capacity for monetary damages for failing to protect him from being attacked by other inmates on December 23, 2021, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to add the Warden of Miami Correctional Facility in his official capacity as a defendant for the sole purpose of identifying Officer John Doe;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Warden of Miami Correctional Facility at Indiana Department of Correction and to send him a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(6) ORDERS the Warden, to the extent he is able, to provide the name of "Officer John Doe," who was working in the area of the IHU dayroom at Miami Correctional Facility around 11:00 a.m. on September 23, 2021, on or before **July 29, 2022**.

SO ORDERED.

May 19, 2022                                      *s/ Damon R. Leichty*
                                                 Judge, United States District Court